UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wells Fargo Bank, N.A.; Wells Fargo Equipment Finance, Inc., <br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>C.J.B. Holding & Trust Company, LLC; Cornelius J. Beck, Jr.; Inlet Dental Center, Inc., *now known as* Cameron Banks, LLC; Seaside Surgical, Inc.; Andrews Dental Center, Inc.; Georgetown Dental Center of South Carolina, Inc.; South Beach Dental Center, Inc.; Southpark Centre Property Owners Association, Inc.; Myrtle Beach Farms Company, Inc.; Wachesaw Warehouses Property Owners Association, Inc.; Patterson Dental Supply, Inc.,<br><br>　　　　　　　　　Defendants. | C/A: 2:17-1446-RMG-BM<br><br><br>**REPORT AND RECOMMENDATION** |

The pro se Defendant, Cornelius J. Beck, Jr. (hereinafter Defendant), filed a notice of removal on June 2, 2017, which purports to remove Civil Action No. 2014-CP-22-1109 (a state court mortgage foreclosure and replevin action) from the Court of Common Pleas of Georgetown County, South Carolina.[1] On July 11, 2017, Defendant filed an amended complaint for removal. Defendant asserts that he is "a Private American National state citizen of the [U]nited States of America" and that removal of the state court action is proper based on "a Right to Review pursuant to Title 5 USC subsection 702." Notice of Removal, ECF No. 1 at 1; Amended Notice of Removal, ECF No. 7 at 1 (emphasis in original). He also appears to argue, pursuant to the Foreign Agents



---
[1] Although there are other defendants to the state court action, none of them signed the notice of removal. Defendant's notice of removal and amended notice of removal improperly list only Defendant and C.J.B. Holding & Trust Company, LLC as Defendants. ECF Nos. 1 and 7.

Registration Act (FARA), 22 U.S.C. §§ 611 and 612, that the state court is an administrative court that failed to disclose that it is a foreign corporation, Plaintiffs are foreign corporations, and that the attorneys for Plaintiffs failed to disclose to him that they are foreign agents pursuant to FARA. ECF No. 7. Finally, Defendant seeks a declaratory judgment stating that he is an American National state citizen and granting injunctive relief to stop further action against him, to void judgments and orders against him, to remove any negative credit reporting, and to have properties returned to him. ECF No. 1 at 2, ECF No. 7 at 3.

On June 30, 2017, Plaintiffs Wells Fargo Bank, N.A. and Wells Fargo Equipment Finance, Inc. filed a motion to remand the case to the Court of Common Pleas for Georgetown County, arguing that this action is not removable because Defendant's removal is untimely, Defendant failed to secure the consent of all defendants to the state action, removal pursuant to § 1441 is improper because there is no federal issue jurisdiction (28 U.S.C. § 1331) and this action cannot be removed based on diversity jurisdiction (28 U.S.C. § 1332) because a number of the Defendants (including Defendant Beck) are citizens of South Carolina, and because removal is not proper pursuant to 5 U.S.C. § 702. Plaintiffs further contend that this Court has no "right to review" the state court judgment pursuant to 5 U.S.C. § 702. ECF No. 4.

On July 11, 2017, Defendant filed a motion to strike Plaintiffs' motion to remand, arguing that Plaintiffs are foreign agents under 22 U.S.C. § 611 of FARA and that Plaintiffs' attorneys[2] are disqualified because they failed to provide information and to register as foreign agents with the Attorney General pursuant to FARA. ECF No. 6. On July 14, 2017, Plaintiffs filed a reply

---

[2] The Defendant refers to the Respondent and the attorney for the Respondent in the singular, but this appears to be a typographical error as there are two Plaintiffs and two attorneys of record, and Defendant appears to oppose actions by both Plaintiffs and both attorneys.



2

in opposition to the motion to strike (ECF No. 8) and a return to Defendant's amended complaint for removal (ECF No. 9). Defendant thereafter filed motions to strike Plaintiffs' reply and return on August 14, 2017, reiterating the arguments he asserted in his previous motion to strike. ECF Nos. 10 and 11.

## **Discussion**

Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Further, the burden is on the removing defendant to establish subject matter jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

With respect to a removed case, the removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). When considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)(internal quotation marks and citation omitted). In addition, "[r]emoval statues must be strictly construed against removal," Scott v. Greiner, 858 F.Supp. 607, 610 (S.D.W.Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ["If federal jurisdiction is doubtful, a remand is necessary."].



3

Generally a case can be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. The Defendant bases the removal of this case on federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted); see Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004)[discussing the well-pleaded complaint rule]. Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). Here, a careful review of the pleading in this case fails to reveal any basis for federal question jurisdiction. Plaintiffs' state court complaint asserts claims for the foreclosure of mortgages, guaranties, and replevin which are solely based on state law. See ECF No. 4-1 at 7-30; see also ECF No. 1 at 4-1 at 2. No federal jurisdiction exists over a complaint which "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." Burbage v. Richburg, 417 F. Supp.2d 746, 749 (D.S.C. 2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014)(collecting cases); Deutsche Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013).

Although the Defendant raises several arguments for why there should be federal question jurisdiction in this Court, none of his arguments have merit. Defendant argues that 5 U.S.C. § 702 provides the court with authority to review the actions of the state court. However, Section



4

702 permits a party "suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action...." to name the United States as a defendant in any action. The Court of Common Pleas for Georgetown County, South Carolina, is not an agency of the United States. Rather, it was established by Article V of the South Carolina Constitution. See S.C. Const. art. V, § 1. Accordingly, § 702 is inapplicable.

Additionally, Defendant claims that Plaintiffs are in violation of the Foreign Registration Act (FARA), 22 U.S.C. § 611, et seq. However, FARA merely requires that agents who lobby in the United States on behalf of "a foreign principal" disclose their affiliation. See Viereck v. United States, 318 U.S. 236, 237 (1943); Rabinowitz v. Kennedy, 376 U.S. 605, 608-10 (1964). There is no indication that Plaintiffs fall under FARA or that FARA is applicable to the present case.[3] As such, there is no merit in Defendant's argument that Plaintiffs' motion to remand or that Plaintiffs' other pleadings should be stricken based on any alleged failure to register as a foreign agent or other alleged violation of FARA.

Plaintiff also cites to 18 U.S.C. §§ 241 and 242 in his "Amended" Complaint. However, 18 U.S.C. §§ 241 (conspiracy against rights) and 242 (deprivation of rights under color of law) are criminal statutes that do not give rise to civil liability or authorize a private right of action. "The Supreme Court historically has been loath to infer a private right of action from "a bare criminal statute," because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." Doe v. Broderick, 225 F.3d 440, 447-48

---

[3] Plaintiff Wells Fargo Bank, N.A represents that it is a corporation organized and existing under the laws of State of Delaware, with its principal place of business in South Carolina, and doing business in South Carolina. Wells Fargo Equipment Finance represents that it is a corporation organized and existing under the laws of the State of Minnesota, and doing business in South Carolina. See ECF No. 4-1 at 7-8.



5

(4th Cir. 2000) (citing Cort v. Ash, 422 U.S. 66, 80 (1975)); see Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002)[observing that enforcement of statutory violation under § 1983 requires showing that "intended to create a federal right"]. Where, as here, criminal statutes bear "no indication that civil enforcement of any kind was available to anyone," a civil complaint alleging violations of such statutes cannot be sustained as a matter of law. Cort v. Ash, 422 U.S. at 80; see also United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003)[finding that the District Court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal statutes]; Wagner v. United States, 377 F.Supp.2d 505, 510-511 (D.S.C. 2005)[§ 241 is a criminal statute that provides no private cause of action]; Rockfeller v. U.S. Ct. of Appeals Office, 248 F.Supp.2d 17, 23 (D.D.C. 2003)[the plaintiff was precluded from bringing case under § 242 because there is no private cause of action under this criminal statute](collecting cases).

In his original notice of removal, Defendant also cited the Expatriation Act of 1868 and the Articles of Confederation as a basis for jurisdiction. ECF No. 1 at 1. To the extent that Defendant is attempting to assert this as a basis for jurisdiction, however, his arguments fail. Congress recognized a right to expatriate in the Expatriation Act of 1868, which declared that "expatriation was the natural and inherent right of all people." Klaudt v. Dooley, No. CIV. A. 10-4091-KES, 2010 WL 5391571, at *4 (D.S.D. Dec. 22, 2010)(citing An Act Concerning the Rights of American Citizens in Foreign States, ch. 249, 15 Stat. 223 (1868)). "'The stated purpose of the Act was to protect naturalized citizens of the United States while in foreign jurisdictions.'" Id. (quoting People v. Jones, 140 P.3d 325, 327 (Colo. App. 2006)). The Expatriation Act does not "provide rights to someone who has renounced his United States citizenship [even assuming that is



6

what the Defendant is attempting to do in this case]; rather, it is intended to provide protections for naturalized American citizens abroad." Id. This court also does not have jurisdiction to hear claims under the Articles of Confederation. See Lord Noble Kato Bakari El v. United States, 127 Fed. Cl. 700, 705 (2016)[the Articles of Confederation, having been replaced by the United States Constitution, are not a valid source of law].

To the extent that Defendant is attempting to assert a defense or counterclaim in either his original removed filing or in his "Amended" Complaint as a basis for establishing jurisdiction, defenses do not establish removal jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985)["A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."]; see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)[stating "it is now settled law that a case may not be removed to federal court on the basis of a federal defense"]. A counterclaim by a defendant also does not serve as the basis for "arising under" jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). see also UTrue, Inc. v. Page One Sci., Inc., 457 F.Supp.2d 688, 690 (E.D.Va. 2006)[holding that a federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds, and noting "[m]oreover, were the well-pleaded complaint rule not to apply on removal, and were counterclaims permitted to become a basis for jurisdiction on removal, the result would be an unwarranted and nearly limitless expansion of removal jurisdiction."]; Cohn v. Charles, 857 F.Supp.2d 544, 548



7

(D.Md. 2012)[foreclosure proceeding was not removable, nor did it become removable when federal defenses were asserted or the counterclaim filed].[4]

To the extent that the Defendant is instead attempting to assert diversity jurisdiction, he is precluded as a matter of law from removing this case on the basis of diversity of citizenship since he is a citizen of the state in which the action was brought (South Carolina).[5] See 28 U.S.C. § 1441(b)(2)["A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."]. Additionally, to the extent that Defendant is attempting to assert jurisdiction based on a "sovereign citizen" type claim, such claims should be dismissed as frivolous. See Smalls v. Sterling, No. 2:16-4005-RMG, 2017 WL 1957471, at *1 (D.S.C. May 11, 2017); Gaskins v. South Carolina, No. 2:15-CV-2589-DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015).

Therefore, Plaintiffs' motion to remand should be granted for lack of subject matter jurisdiction in this Court. In the alternative, it is recommended that this action be remanded back

---

[4]Given that this Court does not have original jurisdiction over the claims in state court, it also should not exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a)

[5]Although Defendant asserts that he is an "American National," he lists his address as South Carolina; see ECF No. 1 at 2, ECF No. 7 at 4; and a party's citizenship is determined by his domicile, defined as the place where he has "his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir.1998). Any claim to "American National" status does not overcome the fact that Defendant is a South Carolina citizen for purposes of § 1441(b). See, e.g., Allah El v. Avesta Homes, LLC, 520 F. App'x 806 (11th Cir. 2013)[The plaintiffs' status as Moorish Americans did not render them diverse for purposes for jurisdiction absent allegations that they were citizens of a different nation or resided in a state other than Florida] ; Bendeck v. Workman, No. 17-00180 JMS-RLP, 2017 WL 1758079 (D. Haw. May 04, 2017)[rejecting argument of "sovereign citizen" plaintiff that she was not a citizen of Hawaii or the United States where she conceded she lived in Hawaii].



8

to the state court sua sponte because this Court lacks subject matter jurisdiction (as discussed above).[6] Moreover, in addition to these grounds for remand of this case, Plaintiffs' motion to remand should also be granted because the Defendant failed to comply with the provision of the removal statute requiring all defendants to consent to removal. In a case removed from state court to federal court based on federal question jurisdiction, all properly joined and served defendants "must join in or consent to the removal of" such an action. 28 U.S.C. § 1446(b)(2)(A). However, Defendant provides no indication that the other defendants to the state court action (C.J.B. Holding & Trust Company; Inlet Dental Center, Inc., now known as Cameron Banks, LLC; Seaside Surgical, Inc.; Andrews Dental Center, Inc.; Georgetown Dental Center of South Carolina, Inc.; South Beach Dental Center, Inc.; Southpark Centre Property Owners Association, Inc.; Myrtle Beach Farms Company, Inc.; Wachesaw Warehouses Property Owners Association, Inc.; and Patterson Dental Supply, Inc. - see state court complaint, ECF No. 4-1 at 5) have consented to the removal of this case from state court. Thus, the Defendant has failed to comply with this provision of the removal statute. See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006); Wells Fargo Bank, N.A. v. Hunt, C/A No. 6:13-1333-MGL-KFM, 2013 WL 6383255, at *3 (D.S.C. Nov. 22, 2013).

Plaintiffs' motion to remand should also be granted because the Defendant failed to timely file his notice of removal. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28

---

[6]A district court is obligated to consider sua sponte whether jurisdiction is present and remand the case to state court if it determines that it lacks jurisdiction. See 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).



9

U.S.C. § 1446(b). Here, Defendant was served with the state court complaint on December 9, 2014 (see ECF No. 4-2), and Defendant filed a pro se response in state court on December 31, 2014 (see ECF No. 4-3). However, the Defendant did not file his Notice of Removal until June 2, 2017, well past the 30-day deadline provided for in 28 U.S.C. § 1446(b). Defendant's failure to file a timely notice is a defect in the removal procedure. Cades v. H & R Block Inc., 43 F.3d 869, 873 (4th Cir. 1994).

Finally, to the extent the Defendant's motion for a preliminary injunction seeks to enjoin a pending state action by stopping further action against him in state court and by returning property to him, the Anti-Injunction Act precludes such an injunction. Section 2283 of Title 28 of the United States Code mandates that, except in certain circumstances, "[a] court of the United States may not grant an injunction to stay proceedings in a State court...." This Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions Act." Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 630 (1977) (plurality opinion). These three exceptions are injunctions: (1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments. Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988); Atlantic Coast Line R.R. Co. v. Board of Locomotive Eng'rs, 398 U.S. 281, 287-88 (1970). None of these exceptions applies here.

## Conclusion

Based on the foregoing, it is recommended that Plaintiffs' motion to remand (ECF No. 4) be granted, and this case be **remanded** back to state court. In the alternative, it is recommended that this action be remanded sua sponte for lack of subject matter jurisdiction in this



10

Court.[7] It is also recommended that Defendant Beck's motions to strike (ECF Nos. 6, 10, and 11) be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 19, 2017
Charleston, South Carolina

---

[7]While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Tex. 1994); McDonough v. Blue Cross of Northeastern Pa., 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). While the undersigned has issued orders of remand in some circumstances, in light of Defendant's pro se status, and out of an abundance of caution, this Report and Recommendation, instead of an Order, is being entered so that Defendant can contest remand before the District Court Judge, if he so desires.

11

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

