# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wells Fargo Bank, N.A.; Wells Fargo Equipment Finance, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>C.J.B. Holding & Trust Company, LLC; Cornelius J. Beck, Jr.; Inlet Dental Center, Inc., *now known as* Cameron Banks, LLC; Seaside Surgical, Inc.; Andrews Dental Center, Inc.; Georgetown Dental Center of South Carolina, Inc.; South Beach Dental Center, Inc.; Southpark Centre Property Owners Association, Inc.; Myrtle Beach Farms Company, Inc.; Wachesaw Warehouses Property Owners Association, Inc.; Patterson Dental Supply, Inc.,<br><br>Defendants. | Case No.: 2:17-cv-1446<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 14) recommending that this Court grant Plaintiffs' motion to remand (Dkt. No. 4), or, in the alternative, remand this case to state court *sua sponte* for lack of subject matter jurisdiction. The Magistrate Judge has also recommended that Defendant Beck's motions to strike (Dkt. Nos. 6, 10, and 11) be denied. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. This action is remanded to state court for further proceedings.

## I. Background and Relevant Facts

The *pro se* Defendant, Cornelius J. Beck, Jr. (hereinafter Defendant), filed a notice of removal on June 2, 2017, which purports to remove Civil Action No. 2014-CP-22-1109 (a state court mortgage foreclosure and replevin action) from the Court of Common Pleas of Georgetown

County, South Carolina. Plaintiffs have filed a motion to remand the case to state court (Dkt. No. 4), arguing that this action is not removable because Defendant's removal is untimely, Defendant failed to secure the consent of all defendants to the state action, removal pursuant to § 1441 is improper because there is no federal issue jurisdiction (28 U.S.C. § 1331) and this action cannot be removed based on diversity jurisdiction (28 U.S.C. § 1332) because a number of the Defendants (including Defendant Beck) are citizens of South Carolina, and because removal is not proper pursuant to 5 U.S.C. § 702. The Magistrate Judge has thoroughly summarized the procedural history of this case, so the Court need not do so again here. (Dkt. No. 14 at 1-3.)

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. Discussion

The Magistrate Judge has explained in the R. & R. that this Court does not have federal question over the causes of action in Plaintiffs' complaint, which asserts state law claims for the foreclosure of mortgages, guarantees, and replevin. (Dkt. No. 14 at 3-8.) The Magistrate Judge also explained that Defendant Beck is precluded as a matter of law from removing this case on the basis of diversity of citizenship because he is a citizen of South Carolina, the state in which this action was brought. *See* 28 U.S.C. § 1441(b)(2).

No party has filed objections to the R. & R. In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

### IV. Conclusion

For the reasons set forth above, this Court adopts the Magistrate Judge's recommendation to remand this matter *sua sponte* for lack of jurisdiction. Plaintiffs' motion to remand (Dkt. No. 4) is therefore denied as moot. Defendant Beck's motions to strike (Dkt. Nos. 6, 10, and 11) are denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October  10 , 2017
Charleston, South Carolina