IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED CLERK'S OFFICE
2017 OCT 23 I A 8: 34

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| Wells Fargo Bank, N.A.; Wells Fargo Equipment Finance, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> C.J.B. Holding & Trust Company, LLC; Cornelius J. Beck, Jr.; Inlet Dental Center, Inc., *now known as* Cameron Banks, LLC; Seaside Surgical, Inc.; Andrews Dental Center, Inc.; Georgetown Dental Center of South Carolina, Inc.; South Beach Dental Center, Inc.; Southpark Centre Property Owners Association, Inc.; Myrtle Beach Farms Company, Inc.; Wachesaw Warehouses Property Owners Association, Inc.; Patterson Dental Supply, Inc.,, <br><br> Defendants. | Case No 2:17-cv-1446-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on Defendant Cornelius J. Beck Jr.'s Motion to Reconsider. (Dkt. No. 18.) For the reasons set forth below, the Motion to Reconsider is DENIED.

## I. Background and Procedural Posture

Defendant, Cornelius J. Beck, Jr., proceeding *pro se*, filed a notice of removal on June 2, 2017, purporting to remove Civil Action No. 2014-CP-22-1109 (a state court mortgage foreclosure and replevin action) from the Court of Common Pleas of Georgetown County, South Carolina. Plaintiffs filed a motion to remand the case to state court (Dkt. No. 4), arguing that (1) Defendant's removal is untimely, (2) Defendant failed to secure the consent of all defendants to the state action, that removal pursuant to § 1441 is improper because there is no federal issue jurisdiction (28 U.S.C. § 1331), (3) this action cannot be removed based on diversity jurisdiction

(28 U.S.C. § 1332) because a number of the Defendants (including Defendant Beck) are citizens of South Carolina, and (4)that removal is not proper under 5 U.S.C. § 702.

On September 19, 2017, the Magistrate Judge issued and mailed to Defendant a Report and Recommendation ("R. & R.") recommending that this Court remand the case for lack of jurisdiction. (Dkt. Nos. 14, 15.) Parties normally have fourteen (14) days from the date of service (i.e. the date the R. & R. was mailed to Defendant) to file written objections to an R. & R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Under Federal Rule of Civil Procedure 6(d), Defendant's deadline was extended by three (3) days from October 3, 2017 to October 6, 2017 because the R. & R. was served by mail. Defendants' Objections are dated October 12, 2017 so are untimely. (Dkt. No. 18.) The Court construes Defendant's untimely objections, mailed after the deadline for objections and received after the Court has ruled on the Report and Recommendation, as a motion to reconsider.

## II. <u>Legal Standard</u>

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment but does not provide a standard for such motions. The Fourth Circuit provides "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (citation omitted).

## III. Discussion

In his Objections, Defendant Beck declares that he is an "American and not a Corporation," that the statutes and codes of South Carolina do not comply with the United States Constitution, and that he is entitled to have this Court consider whether a corporation can bring a lawsuit against an American National. He further argues that because there is no allegation of an injury to a man or a woman, there can be no case against him under the Sixth Amendment because "no man or woman can testify that I have injured or committed a crime against them." (Dkt. No. 18 at 1.)

Defendant Beck has not set forth any ground by which this Court may consider amending its Order adopting the R. & R. because he does not identify an intervening change in controlling law, identify new evidence, or identify a clear error of law.

## IV. Conclusion

For the reasons set forth above, Defendant Beck's Motion to Reconsider (Dkt. No. 18) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 2017
Charleston, South Carolina

-3-